GEORGE W. CROOKS, as Trustee in Bankruptcy of the Estates of HOWARD E. KING et al., Respondent, *v.* THE PEOPLE'S NATIONAL BANK OF MALONE, Appellant.

APPEAL — WHEN ORDERS OF REVERSAL BY THE APPELLATE DIVISION UPON THE FACTS WILL BE AFFIRMED. Upon appeals from orders of the Appellate Division reversing judgments upon the facts as well as the law, if the evidence raises a question of fact, the orders will be affirmed in all cases except in rare instances where peculiar circumstances require the dismissal of the appeal in order to prevent injustice.

*Crooks* v. *People's Nat. Bank,* 72 App. Div. 331, affirmed.

(Argued November 20, 1903; decided December 18, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 26, 1902, reversing in part a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and granting a new trial as to the first cause of action stated in said complaint.

This action was brought to set aside certain transfers of personal property made by Howard E. King to the defendant, or for its benefit, on the ground that such transfers created unlawful preferences under the Bankrupt Law.

*John P. Kellas* and *Martin E. McClary* for appellant. The determination of the Appellate Division is reviewable in this court. (*E. R. R. Co.* v. *Steward,* 170 N. Y. 172; *O'Brien* v. *E. R. B. Co.,* 161 N. Y. 539; *T. W. B. Co.* v. *B. W. & W. Co.,* 173 N. Y. 167; *Griggs* v. *Day,* 158 N. Y. 1; *Otten* v. *M. R. Co.,* 150 N. Y. 395; *Benedict* v. *Arnoux,* 154 N. Y. 715; *Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166.) Upon such review this court will determine whether the reversal by the Appellate Division was justified. (*Benedict* v. *Arnoux,* 154 N. Y. 715; *Sanger* v. *French,* 157 N. Y. 213; *Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166; *Otten* v. *M. R. Co.,* 150 N. Y. 395; *Foster* v. *Bookwalter,* 152 N. Y. 166.)

*John P. Badger* for respondent. Whether or not the defendant's officers and agents had reasonable cause to believe

that H. E. King intended to give a preference when he made
the transfer of the stocks and obtained and delivered to it the
note indorsed by Paddock, was a question of fact as to which
there was a conflict of evidence, and, therefore, this court has
no power to review the decision of the Appellate Division
made upon both the law and the facts. (*Otten* v. *M. R. Co.*,
150 N. Y. 395; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 176;
*Spies* v. *Lockwood*, 165 N. Y. 483; *Livingstone* v. *City of
Albany*, 161 N. Y. 602.) The order controls as to whether
the reversal was on the facts as well as the law. (*Spence* v.
*Ham*, 163 N. Y. 233; *Spies* v. *Lockwood*, 165 N. Y. 483;
*Hinckel* v. *Stevens*, 165 N. Y. 171; *N. H. Co.* v. *Bement &
Sons*, 163 N. Y. 507.) Where the order of reversal states that
it is upon both the law and the facts, the court has no power
to review at all if there was any question of fact for the
Appellate Division to review, but where the order is silent as
to grounds the court may review to ascertain whether the
conclusions of law of the court or referee on the facts found
are correct, and whether there was material error in receiving
or rejecting evidence. (*Otten* v. *M. R. Co.*, 150 N. Y. 395;
*Hirshfeld* v. *Fitzgerald*, 157 N. Y. 176; *Spies* v. *Lockwood*,
165 N. Y. 483; *Livingstone* v. *City of Albany*, 161 N. Y. 602.)

*Per Curiam.* The Appellate Division reversed that part
of the judgment, rendered by the Special Term, which related
to the first cause of action alleged in the complaint, but
affirmed as to the part relating to the second cause of action.
This appeal was taken from so much of the order as reversed the
judgment dismissing the complaint as to the first cause of action.

As the reversal by the Appellate Division was based upon
the facts as well as the law, our first duty was to examine
the record and see whether there was a material question
of fact upon which a reversal as to the facts could be
founded. (*Otten* v. *Manhattan Railway Co.*, 150 N. Y.
395.) After reading the record for that purpose we have
reached the conclusion that the circumstances surrounding
the actors at the time of the transaction warrant the inference

that a preference was intended by the debtor and that the creditor had reasonable cause to believe that the debtor intended to give the preference. There was evidence on both sides of these propositions, which were among the vital questions in the case. Although the witnesses may not contradict each other, admitted circumstances may contradict the witnesses and authorize a conclusion opposed to their testimony, as is frequently the case in trying questions of fraud. The story told by a witness may be truthful upon its face, yet scattered through it there may be circumstances which show that it is false and that the reverse is true. The controverted questions of fact were decided in favor of the defendant by the Special Term and in favor of the plaintiff by the Appellate Division. In civil cases we are restricted to the review of questions of law, and after deciding that the Appellate Division had jurisdiction to reverse because there was a material question of fact, we can proceed no further, but must either affirm the judgment or dismiss the appeal. (*Chapman* v. *Comstock,* 134 N. Y. 509; *Williams* v. *D., L. & W. R. R. Co.,* 127 N. Y. 643.) While we have generally dismissed the appeal under such circumstances, we have sometimes affirmed the judgment and we have given repeated warnings that we should do so uniformly if attorneys persisted in wasting time by futile appeals to this court when the reversal was founded on a question of fact. We have jurisdiction to affirm, because we are required to decide the question of law whether the evidence raised a question of fact. Constant disregard of our admonitions makes it necessary to affirm as a rule and dismiss only in rare instances where peculiar circumstances require that course in order to prevent injustice. We apply the rule thus announced to the case in hand by affirming the order of reversal and rendering judgment against the defendant, in accordance with its stipulation, upon the first cause of action set forth in the complaint, with costs in all courts.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Order affirmed, etc.