Matthias, J.
 

 The relator was appointed State Librarian by the State Library Board pursuant to the •authority vested in that board by Section 154-52, General Code, which provides that “The state library board shall appoint and may remove a state librarian.” When the State Library Board sought to discontinue the services of the relator as such librarian this proceeding was instituted in the Court of Appeals to prevent such removal. That court refused the relief sought by the relator and dismissed his supplemental petition. Whereupon error was prosecuted in this court.
 

 The authority of the library board in respect to the appointment and removal of the State Librarian and the summary discontinuance of his service at will is conferred in clear and explicit language and is controlling unless Section 154-52, General Code, is in conflict with Article II, Section 38 of the state Constitution. Relator contends there is such conflict and that Sections 10-1 and 10-2, General Code, passed pursuant to the adoption of the constitutional provision, are controlling and must be followed. Section 38 of Article II of the Constitution is as follows:
 

 “Laws shall be passed providing for the prompt removal from office, upon complaint and hearing, of all officers, including state officers, judges and members of the general assembly, for any misconduct involving moral turpitude or for other cause provided by law; and this method of removal shall be in addition to impeachment or other method of removal authorized by the constitution.”
 

 Reference to the proceedings of the Constitutional
 
 *327
 
 Convention discloses that this provision for removal of officers was offered for the purpose of meeting in some measure — but in a somewhat modified form — the demand for a provision for the recall of public officers. Its primary purpose was the removal of public officers for misconduct. The provision, “upon complaint and hearing,” was subsequently inserted.
 

 The precise question presented is whether the State Librarian is an “officer” within the contemplation of this provision of the Constitution. The principle upon which the question may be determined whether one occupying a given position is an officer or employee is involved in numerous cases, but is most clearly stated in
 
 State, ex rel. Monnett, Atty. Genl.,
 
 v.
 
 Jennings,
 
 57 Ohio St., 415, 49 N. E., 404, 63 Am. St. Rep., 723; and
 
 State, ex rel. Landis,
 
 v.
 
 Board of Commissioners of Butler County,
 
 95 Ohio St., 157, 115 N. E., 919.
 

 A public officer as distinguished from an employee must possess some sovereign functions of government, to be exercised by him for the benefit of the public, either of an executive, legislative or judicial character. It is well stated in the
 
 Landis case, supra,
 
 that “The chief and most-decisive characteristic of public office is determined by the quality of the duties with which the appointee is invested, and by the fact that such duties are conferred upon the appointee by law. If official duties are prescribed by statute and their performance involves the exercise of continuing, independent, political or governmental functions, then the position is a public office and not an employment.” Text writers find it difficult to define with accuracy the term “public officer” as distinguished from “employee.” As stated by Judge Spear in
 
 State, ex rel. Hogan, Atty. Genl.,
 
 v.
 
 Hunt,
 
 84 Ohio St., 143, at page 149, 95 N. E., 666: “Manifestly, however,'each case should be decided on its peculiar facts, and involves necessarily a consideration of the legislative intent in
 
 *328
 
 framing the particular statute by which the position, whatever it may be, is created.”
 

 It is stated in 22 Ruling Case Law, 374, that: “One of the most important criteria of a public office is that the incumbent is invested with some of the functions pertinent to sovereignty, for it has been frequently decided that in order to be an office the position must be one to which a portion of the sovereignty of the state, either legislative, executive, or judicial, attaches for the time being. The performance of an executive, legislative, or judicial act is therefore a recognized test of a public office, and if the incumbent of a position receives his authority from the law, and discharges some of the functions of government, he will in almost all cases be considered a public officer.” It is stated by the same authority, on page 381, that an officer is distinguished from an employee “in being’ required to take an official oath, and perhaps to give an official bond, in the more enduring tenure, and in the fact that the duties of the position are prescribed by law.”
 

 In our opinion the position of State Librarian is not an office within the contemplation of the constitutional provision above quoted. The State Library Board is created by statute (Section 154-51, General Code). Its members are appointed by the Governor. It is authorized and directed to make' rules for the government of the state library and the organization of a library service of the state departments. As heretofore indicated that board is authorized to appoint and remove a State Librarian. The librarian acts not independently, but under the direction and supervision of the State Library Board and subject to the rules and regulations established by it. The statute does not fix any term, or require an oath or the giving of a bond; nor is the salary or compensation fixed by law. It is necessarily fixed from time to time by the State Library Board within the appropriation .made by the Legislature for library maintenance. The provision of
 
 *329
 
 the statute relative to the librarian’s appointment and removal may also be considered in determining “the legislative intent in framing the particular statute by which the position, whatever it may be, is created.” These provisions are all consistent in their indication of a legislative intent to make the incumbent of such position not an officer but an employee.
 

 We are of the opinion that in view of the statutory provisions specifically authorizing the State Library Board to appoint and remove the State Librarian, his designation or employment was at the will and during the pleasure of the State Library Board, and, hence, that the action complained of was within its authority and therefore valid.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Zimmerman and Wilkin, JJ., concur.
 

 Beyis, J., not participating.