Matthias, J.
 

 It is the contention of the appellant, in each case that as health commissioner of a city health district under employment by the board of' health he is not a public officer but is an employee and is therefore within the provision of Section 486-19,, General Code, as amended, effective September 4,. 1941, which is as follows: -
 

 “Present employees of city health districts and city-health departments shall continue to hold their positions until removed in accordance with the civil service-laws.”
 

 The primary question presented, therefore, is whether the position of city health commissioner is an office- or an employment and whether the occupant thereof is-an officer or an employee.
 

 It has been held quite uniformly that to constitute a position a public office there must be attached thereto the exercise of a portion of the sovereignty of the-state and hence that the performance of an executive, legislative or judicial act is a recognized test of public-office, and if the incumbent of the position receives his-authority from the law and discharges some functions-of government he will be considered a public officer.. 22 Buling Case Law, 374, Section 4.
 

 It is stated by Mechem on Public Offices and Officers, 1
 
 et seq.,
 
 Section 1
 
 et seq.:
 

 “A public office is the right, authority and duty,, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure-of the creating power, an individual is invested with some portion of the sovereign functions of the gov
 
 *293
 
 ernment, to be exercised by Mm for the benefit of the public. The individual so invested is a public offi■cer. * * *
 

 “The most important characteristic which distinguishes an office from an employment or contract is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government * * * . Unless the powers conferred are of this nature, the individual is not a public officer. * * *
 

 “A public office differs in material particulars from a public employment, for, as was said by Chief Justice Marshall, ‘although an office is an employment, it does not follow that every employment is an office. A man may certainly be employed under a contract, express or implied, to perform a service without becoming an officer.’ ”
 

 The most recent cases before this court presenting for consideration the question of the attributes essential to constitute the incumbent of a position a public officer are the cases of
 
 State, ex rel. Newman, State Librarian,
 
 v.
 
 Skinner,
 
 128 Ohio St., 325, 191 N. E., 127, 93 A. L. R., 331, and
 
 State, ex rel. Bricker, Atty. Genl.,
 
 v.
 
 Gessner,
 
 129 Ohio St., 290, 195 N. E., 63. The position under consideration in the former case was that of state librarian, and this court there held that the position of state librarian is not an office. It is stated in the syllabus of that case that “A public officer, as distinguished from an employee, must be invested by law with a portion of the sovereignty of the state and authorized to exercise functions either of an executive, legislative or judicial character.”
 

 In the
 
 Gessner case
 
 the court was called upon to determine whether membership on a county charter commission constitutes the holding of 'a “public office of trust” from which a judge of the Court of Common Pleas would be precluded by reason of the provision
 
 *294
 
 of Section 14, Article IY of the state Constitution, inhibiting such judge from holding any other office of profit or trust under authority of the state or the United States. This court held that membership on such county charter commission would constitute the holding of a public office of trust. The facts upon which the determination that a member of a county charter commission is a public office of trust was based were that the position is authorized by the organic law of the state, which prescribes the general duties to be performed ; he is chosen by vote of the people; he exercises independent prerogatives and is not amenable to superior authority; his tenure is reasonably definite in that his duties must be fully accomplished within ten months after election; his participation in framing or amending a charter is the performance of sovereign powers; the nature of his work possesses legislative qualities; and his acts as such member are in the public service. It was observed in the opinion that, while not required to take an oath of office or give bond and the service rendered was without compensation, those are lesser
 
 indicia
 
 of public office.
 

 It was well stated in the opinion in
 
 State, ex rel. Landis,
 
 v.
 
 Board of Commrs. of Butler County,
 
 95 Ohio St., 157, 115 N. E., 919, that “The chief and most-decisive characteristic of a public office is determined by the quality of the duties with which the appointee is invested, and by the fact that such duties are conferred upon the appointee by law. If official duties are prescribed by statute, and their performance involves the exercise of continuing, independent, political or governmental functions, then the position is a public office and not an employment.”
 

 It may be observed here, as has been frequently stated, that text writers find it difficult to define with accuracy the term “public officer” as distinguished from “employee.” It was well stated by Judge Spear
 
 *295
 
 in
 
 State, ex rel. Hogan, Atty. Genl.,
 
 v.
 
 Hunt,
 
 84 Ohio St., 143, 95 N. E., 666, that “Manifestly, however, each case should be decided on its ..peculiar facts, and involves necessarily a consideration of the legislative intent in framing the particular statute by which the position, whatever it may be, is created.”
 

 In the light of these general principles as above stated, let us ascertain the duties devolving upon a city health commissioner. His appointment is provided for by Section 4408, General Code, which is as follows:
 

 “In any city health district, the board of health or person or persons performing the duties of a board of health shall appoint for whole or part time service a health commissioner and may appoint such public health nurses, clerks, physicians, and other persons as they deem necessary.”
 

 It may be readily ascertained from a reading of the statutory provisions relative to the organization of city health districts that the duties of a health commissioner are performed under the authority and direction of the board of health. These statutory provisions are found in Sections 4404 to 4476, General Code, inclusive.
 

 Section 4409, General Code, requires the secretary of the board of health of a municipality to keep “a full and accurate record of the proceedings of the board together with a record of diseases reported to' the health commissioner.”
 

 Section 4410, General Code, requires the board of health to care for the sick, poor and each person quarantined when such person is unable to pay for care and treatment.
 

 Section 4411, General Code, authorizes the board of health to appoint “persons for sanitary duty” and *
 
 ‘
 
 such persons shall have general police powers and be known as sanitary police.” That section also provides for the appointment of “public health nurses,” and
 
 *296
 
 Section 4411-1, General Code, provides that “The board shall determine the duties and fix the salaries of its employees; but no member of the board of health 'shall be appointed as health officer or ward physician.” Section 4413, General Code, provides:
 

 ‘ ‘ The board of health of a city may make such orders and regulations as it deems necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement or suppression of nuisances. Orders and regulations not for the government of the board, but intended for the general public shall be adopted, advertised, recorded and certified as are ordinances of municipalities and the record thereof shall be given, in all courts of the state, the same force and effect as is given such ordinances. Provided, however, that in cases of emergency caused by epidemic of contagious or infectious diseases, or conditions or events endangering the public health, such boards may declare such orders and regulations to be emergency measures, and such orders and regulations shall become immediately effective without such advertising, recording and certifying.”
 

 Section 4419, General Code, authorizes, but does not require, the board of health to create a complete and accurate system of registration of certain vital statistics.
 

 Section 4420, General Code, authorizes the board to abate and remove all nuisances within its jurisdiction.
 

 Sections 4428 and 4429, General Code, confer broad authority upon the board of health with respect to quarantines.
 

 Section 4431, General Code, authorizes the board of health to employ as many persons as it deems necessary to execute its orders with respect to quarantines.
 

 Section 4447, General Code, provides that “All rules and regulations passed by the-board of health or health officer shall apply to all persons, goods or effects ar
 
 *297
 
 riving by railroad, steam boat or other vehicle of transportation, after quarantine is declared.”
 

 There are still other sections of the statute of similar import enumerating duties and conferring authority upon the board of health. By the provisions of Section 1248-2, General Code, it is made the duty of physicians and others therein specified to make certain reports to the health commissioner, and by the provisions of Section 1248-3, General Code, it is made the duty of the health commissioner to investigate certain cases reported to him and others which may come to his attention and report same to the State Department of Health. These duties were formerly assigned to the health officer. Although the performance of certain other duties may be delegated to the health commissioner by the board of health, with the single exception above noted, such authority is not directly conferred upon, or duties assigned to the health commissioner, .by any provision of law, nor is his tenure of service thus fixed or compensation prescribed. It is to be observed that the authority for the appointment of a health commissioner is precisely the same as for the appointment of nurses, physicians, guards and other employees, and all are under the direction, supervision and control of the board of health.
 

 The application of the general principles heretofore enumerated warrants the conclusion that the health commissioner is not an officer but is an employee of the board of health and therefore that such position does come within the provisions of Section 486-19, General Code, as amended, effective September 4, 1941.
 

 It is further contended by counsel for appellees that the provisions of Section 486-19, General Code, are violative of Section 27, Article II of the state Constitution, which provides that ‘ ‘ The election and appointment of all officers * * * shall be made in such manner as may be directed by law; but no appointing power shall be
 
 *298
 
 exercised by the General Assembly, except as prescribed in this Constitution,” and also violative of Section 28 of Article II of the state Constitution, inhibiting the passage of retroactive laws or laws impairing the obligation of contracts.
 

 The constitutional provision (Section 27, Article II) relates only to the appointment of
 
 officers,
 
 not employees.
 

 The present employees of the city health districts were selected and appointed or employed by the various boards of health as expressly authorized by law. The legislative act in question merely accords to those employees the benefits of a civil service status by requiring that their removal must be in accordance with civil service laws. The enactment of such provision does not constitute an appointment within the constitutional inhibition. It is clearly within the legislative power, being violative of no provision of the Constitution. There is nothing new or novel in such egislative provision conferring a preferred status upon those in service at the time of the enactment of civil, service legislation or the extension of such provisions to include positions not theretofore covered. (99 Ohio Laws, 567.) The validity of such preferential statutory provision was recognized, though not directly passed upon, in the case of
 
 Hornberger, Dir.,
 
 v.
 
 State, ex rel. Fischer,
 
 95 Ohio St., 148, 116 N. E., 28. This provision is not retroactive in effect. On the contrary, it is prospective in that it enumerates certain positions which shall thereafter be within the merit system and makes it applicable to those who were holding such positions at the time the act became effective. Nor does it in anywise impair the obligation of contract.
 
 State, ex rel. Bishop,
 
 v.
 
 Board of Education of Mt. Orab Village School Dist., 139
 
 Ohio St., 427, 40 N. E. (2d), 913.
 

 Being of the opinion that a health commissioner, appointed by the board of health of a city health district,
 
 *299
 
 pursuant to -Section 4408, General Code, is an employee and therefore within the provisions of Section 486-19, General Code, entitling the incumbent to hold his position until removed in accordance with civil service laws and that such enactment is not violative of Section 27 or 28 of Article II of the state’ Constitution, it follows that the judgment of the Court of Appeals in each case is reversed.
 

 Judgments reversed.
 

 Weygandt, C. J., Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.