WALTON et al. v. BROWNSVILLE NAVI-
GATION DIST. OF CAMERON
COUNTY et al.

No. 11421.

Court of Civil Appeals of Texas.
San Antonio.

June 28, 1944.

Rehearing Denied July 26, 1944.

Taylor, Wagner & Taylor and H. L.
Yates, all of Brownsville, for appellants.

Rentfro & Green and Davenport & Ran-
some, all of Brownsville, and Herbert Oli-
ver and John Peace, both of San Antonio,
for appellees.

NORVELL, Justice.

This is an appeal from a final order of
dismissal rendered by the trial court after
sustaining five exceptions to appellants' pe-
tition. Appellants refused to amend and
the final order was entered upon the theory
that appellants' petition failed to state
grounds upon which relief could be granted.

Plaintiffs below and appellants here are
W. B. Walton and others, resident taxpay-
ers of Brownsville Navigation District,
who brought this suit for themselves and
on behalf of others similarly situated.

Defendants below and appellees here are
Brownsville Navigation District, a public
corporation created and validated by the
41st Legislature of the State of Texas (see
Chapter 192, p. 410, Gen. and Special Laws,

41st Leg. 1929), under authority of Article 16, Section 59, of the Constitution of Texas, Vernon's Ann.St., G. E. Dodd, H. W. Bell and J. W. English, the members of the Board of Navigation and Canal Commissioners of said district, and F. W. Hofmokel, the Executive General Agent of the district.

The purpose of the suit was to restrain the Board of Commissioners from making further payments of money to F. W. Hofmokel, and also to recover from Hofmokel and the Commissioners certain sums heretofore paid to Hofmokel. The transcript contains appellants' first amended original petition, a second amended original petition, and a first supplemental petition. Appellees urged certain exceptions to appellants' first amended original petition. Some of these were sustained by the court upon the theory that appellants were not entitled to recover any sums of money theretofore paid to Hofmokel. The court's action was apparently based upon Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94. Appellants excepted to this ruling of the court and thereafter filed their second amended original petition. For the purpose of passing upon the exceptions lodged against it, appellants' first supplemental petition was considered a part of said second amended petition. The facts pleaded, which form the basis of appellants' contentions here, may be briefly summarized as follows:

Some time prior to November 19, 1942, the Brownsville Navigation District employed F. W. Hofmokel as general manager of the district and retained him in such capacity until the date above stated, when Hofmokel tendered his resignation to the board. The resignation was occasioned by the issuance of an order by the United States military authorities excluding Hofmokel from the coastal area of the Gulf of Mexico. Hofmokel was born in Germany and served that country as a naval officer in the first World War. He is now a naturalized citizen of the United States.

On March 3, 1943, the Navigation and Canal Commissioners of the district employed Hofmokel as the "Executive General Agent of the Port of Brownsville." Hofmokel's headquarters were to be established in San Antonio, Texas, and his compensation was fixed at $6,000 per year.

Appellants contend that the position of "Executive General Agent," under the agreement entered into between him and the commissioners, is the same as the position of General Manager, as provided for in Section 13 of the Act creating and validating the Brownsville Navigation District. Appellants further contend that the position of General Manager is a "district office" within the meaning of Article 16, Section 14, of the Constitution of Texas, which provides that: "All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

Therefore, appellants argue that Hofmokel having been excluded from the Gulf Coast area cannot act as General Manager or General Executive Agent of the district. Cameron County borders on the Gulf of Mexico and the Navigation District lies within said county.

■ It may be conceded that the petition discloses that the position of General Executive Agent is the same as that of General Manager. The position of General Manager, as provided for in the Act creating and validating the navigation district, is not, however, a "district office" within the meaning of the constitutional provision above quoted. This seems clear when section 13 of the Act is compared and contrasted with the sections of the Act relating to the "Navigation and Canal Commissioners," who are by law the managing and controlling officials of the district. We quote from Section 2 of the Act: "The management and control of said 'Brownsville Navigation District of Cameron County, Texas,' is hereby vested in a Board of Navigation and Canal Commissioners, which Board shall be composed of three persons who shall reside in the district and shall be qualified voters therein, who shall have the same powers and authority conferred and imposed upon the Navigation and Canal Commissioners of Navigation Districts, by Chapter 5 of the Acts of the 39th Legislature, and Acts amendatory thereof, except as herein otherwise provided."

The provisions of Section 13 of the Act make the general manager an employee rather than an officer of the district. This section reads as follows: "The Navigation and Canal Commissioners may employ a general manager for the district, and give him full authority in the management and operation of the affairs of the district (Subject only to the orders of the Board of Nav-

igation and Canal Commissioners). The term of office and compensation to be paid such manager, and all employees, shall be fixed by the Board, and all employees may be removed by the Board."

Both parties to this appeal have cited numerous authorities relating to the distinction between a public officer and an employee. These authorities support the trial court's ruling upon the point presented by the exceptions urged to the petition. We here cite some of the authorities listed in the briefs: Knox v. Johnson, Tex.Civ. App., 141 S.W.2d 698, 699, writ refused. Commissioners' Court of Limestone County v. Garrett, Tex.Com.App., 236 S.W. 970; Loard v. Como, Tex.Civ.App., 137 S.W. 2d 880; Moore v. Logan, Tex.Civ.App., 10 S.W.2d 428; Robertson v. Ellis County, Tex.Civ.App., 84 S.W. 1097; Martin, Atty. Gen. v. Smith, State Treasurer, 239 Wis. 314, 1 N.W.2d 163, 140 A.L.R. 1063; State ex rel. Newman v. Skinner, 128 Ohio St. 325, 191 N.E. 127, 93 A.L.R. 331; State, ex rel. Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A.L.R. 583; 46 C.J. 922; 42 Am.Jur. 882, 889; 34 Tex.Jur. 322.

■ Appellees here urge an additional reason for holding that the trial court properly held that the employment of Hofmokel did not contravene the provisions of Article 16, Sec. 14, of the Constitution, to-wit, that said constitutional provision has no application to officers of districts created under authority of Article 16, Section 59, of the Constitution. The Dallas Court of Civil Appeals so held in Kaufman County Levee Imp. Dist. No. 10 v. National Life Ins. Co., 171 S.W.2d 188. The Supreme Court refused a writ of error. Upon authority of the case cited appellees' contention must be sustained.

■ We conclude, therefore, that the action of the Navigation and Canal Commissioners in employing Hofmokel as Executive General Agent of the Port of Brownsville was legal in that said employment was not forbidden by any legal proscription of constitutional or statutory origin.

This holding in effect determines the disposition of this appeal. Appellants do contend that in making the contract with Hofmokel the Navigation and Canal Commissioners grossly abused the discretion vested in them by the Act creating and validating the Brownsville Navigation District. The pleadings upon this phase are highly argumentative and interspersed with con-

clusions. The burden of the argument set forth in the pleadings is that the Navigation and Canal Commissioners have acted in an extremely unwise and improvident manner in employing Hofmokel as Executive General Agent of the Port of Brownsville.

Numerous reasons are set forth in the pleadings to support the conclusion stated, such as: the difficulty and additional expense involved in attempting to transact business with a General Executive Agent who resides 300 miles from the physical location of the Port; the fact that the office of the District is located in Cameron County, and the Executive Agent cannot render efficient service to the district when laboring under an exclusion order which prevents his being present at the district office; the inadvisability of employing a person under an exclusion order by reason of the existence of a state of war between the United States and Germany and the consequent public resentment which has been and will be engendered as a result of such employment.

Numerous other and further arguments against the advisability of selecting Hofmokel as an agent of the district are also set forth in the petition, but the illustrations above given indicate the tenor of the pleading. The petition simply states a number of arguments which, if accepted, would lead to the conclusion that the Navigation and Canal Commissioners had made a mistake by employing Hofmokel.

■■ The management and control of the Brownsville Navigation District is vested by law in the Board of Navigation and Canal Commissioners, who have been duly elected as such by the voters of the district in accordance with the provisions of the Act creating and validating the district. The selection of subordinate employees of the district is the responsibility of the Navigation and Canal Commissioners. The employment of Hofmokel does not violate any positive provision of law. The petition does not charge fraud or corruption against the commissioners, except perhaps by way of conclusion. It follows therefore that the case is governed by the rule stated by the Supreme Court in Osborne v. Keith, 177 S. W.2d 198, 200, viz.: "The right, therefore, of a citizen to maintain such an action (as the one here involved) is strictly limited to cases of illegality of the proposed expenditure and does not extend to cases of unwise or indiscreet expenditures. The con-

**970**

tract upon which it is proposed to pay out public funds must be illegal and not merely voidable at the option of the public official entrusted with authority in the premises." See also Lamm v. Chambers, Tex.Civ.App., 18 S.W.2d 212; Board of Permanent Road Commissioners of Hunt County v. Johnson, Tex.Civ.App., 231 S.W. 859; Commissioners' Court of Floyd County v. Nichols, Tex. Civ.App., 142 S.W. 37, 28 Am.Jur. 359, § 170.

Having held that appellants under their pleadings were not entitled to maintain a suit for injunction, it follows that said appellants could not for like reasons maintain an action to recover money heretofore paid by the Navigation District to Hofmokel. There was no error in the trial court's rulings on the exceptions directed against appellants' first amended original petition.

What has been said disposes of all of appellants' points. None of them discloses a reversible error and the order of dismissal entered by the trial court is accordingly affirmed.