**PETERMANN, Plaintiff-Appellant, v. TEPE et al., Defendants-Appellees.**
**PETERMANN, Plaintiff-Appellee, v. TEPE et al., Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

Nos. 7148, 7155. Decided December 5, 1949.

Petermann, Calhoun & McPherson, Cincinnati, for Wm. B. Petermann.

Joseph W. Shea, Jr., Norwood, for R. Edward Tepe and City of Norwood.

## OPINION

By MATTHEWS, J.:

These two appeals are from a declaratory judgment. The general conclusion of the Court was that the defendant, the City of Norwood, was entitled to recover from the plaintiff, and rendered judgment against him. As a basis for that judgment, the Court made certain declarations as to the rights of the parties. Neither party was satisfied with these declarations of rights, and both appealed. The appeals were presented together for consideration by this court.

The facts upon which a declaration of rights was asked are presented in the pleadings and a stipulation of facts. From them we learn that the plaintiff is and was in 1947, when these incidents occurred, a duly admitted and practicing attorney in the State of Ohio, including the City of Norwood, a municipal corporation in said state. In April, 1947, as alleged in his amended petition and admitted in defendant's answer "the Solicitor and the service director of the City of Norwood, Ohio, acting in their official capacities, retained for the sum of Fifteen Hundred ($1500.00) Dollars, this plaintiff to perform certain legal services for the City of Norwood, Ohio, which services were of such a nature as to immediately require the skill,. experience and attention of an

attorney-at-law." The plaintiff fully performed the services for which he was retained, consisting of consultations and negotiations with officials of the City of Cincinnati, appearances before the Council of said City, drafting ordinances granting rights of way, negotiating with and securing rights of way for water mains from the Board of Commissioners of Hamilton County, Ohio, the Pennsylvania and B. & O. Railroads, and examination of title to certain described real estate. He alleged that during the entirety of 1947 he was a member of the Civil Service Commisison of the City of Norwood. He also alleged that the Auditor of the State of Ohio made an audit of the accounts of the City of Norwood in 1948, and in his report found that because of the plaintiff's membership of the Civil Service Commission during his employment aforesaid, such employment was in violation of §3808 GC, and that plaintiff should refund the amount which had been paid to him. The plaintiff also alleged his conclusion that §3808 GC had not been violated and that with the filing of the petition he was paying to the Clerk of Courts $1500.00, to be held by him pending the decision in this case, which amount was in fact paid to the Clerk and is now held by him.

The plaintiff prayed for a declaration that he had not unlawfully performed the aforesaid services and that the defendant had not unlawfully paid him therefor, and that the finding of the Auditor of the State of Ohio was not well founded in law.

The defendant by answer admitted that plaintiff is and was at the times alleged a duly admitted and practicing attorney-at-law, that the City of Norwood was a municipal corporation, that the Solicitor and Auditor of the City of Norwood, "acting in their official capacities, retained the plaintiff, for the sum of $1,500.00, to perform" the services described in the amended petition, that such services were of such a nature as to require at once the skill, experience and attention of an attorney at law, that during all of 1947 the plaintiff was a member of the Civil Service Commission of the City of Norwood, that the Auditor of the State of Ohio made the audit and finding as alleged by the plaintiff, that the plaintiff had deposited $1,500.00, as alleged by him.

The defendant joined in the prayer for a declaration of rights and prayed for such relief as the facts entitled it to.

The stipulation added very little to the admitted allegations of the pleading. It was stipulated that the plaintiff fully performed his services as Civil Service Commissioner

during 1947, that his duties as Civil Service Commissioner had no relation to the services performed under his contract of employment and that there was no incompatibility between the two services.

The stipulation also shows that the question of the legality of the plaintiff's employment was raised before this expenditure was made, and finally, in response to a request of the City Auditor, the plaintiff addressed and delivered a letter to him, in which the plaintiff agreed to pay any judgment that might be obtained against the City Auditor by reason of his payment of the money, and, thereupon, apparently, the payment was made.

The trial court found, that:

"1. The money paid the plaintiff for his services as attorney in the amount of $1500.00 by the City of Norwood was a fixed compensation.

"2. The Service Director of the City of Norwood did not have the authority to employ the plaintiff and fix the plaintiff's compensation, therefore, the City of Norwood unlawfully compensated the plaintiff in the sum of Fifteen Hundred ($1,500.00) Dollars."

Upon these findings, the court rendered judgment for the defendant and ordered the Clerk of Courts to pay to it $1,500.00 that had been deposited with him.

It will be observed that the trial court made no finding as to whether the plaintiff's employment violated §3808 GC, but did find that the City Auditor had no authority to fix compensation and on that finding rendered judgment for the City of Norwood for $1,500.00.

While the plaintiff stands in the position of one in doubt as to his rights, and is, for that reason, seeking to have the court declare his rights, his payment of the amount of money involved into court and the prayer of the defendant for relief, places the parties and the subject-matter within the jurisdiction of the court, so that the court is not limited to a mere declaration, but could, and did proceed to grant the final relief, to which the right, as found, entitled the parties.

Furthermore, the stipulated fact that the plaintiff, as a condition to receiving payment, had agreed to indemnify the City Auditor, require us to treat the case as though the payment had not been made and the plaintiff were

seeking to enforce his claim for payment against the defendant. It is, therefore, unnecessary to consider the effect of a voluntary, unconditional payment upon the rights of the parties.

We will, therefore, consider whether under the law the plaintiff could have recovered judgment against the defendant and by that test determine whether he has a right to retain the money paid him under the circumstances of this case.

(1) It is contended that this case falls in the category of the same person occupying two public offices, without any inconsistent duties against which, it is contended, there is no legal ban. Assuming the law to be as contended, it can have no application, unless there exists two offices. It, the contention, therefore raises the question of whether the plaintiff occupied two public offices. It is clear that the position of Civil Service Commissioner is a public office, but how stands the position of the plaintiff under his asserted employment by the service director? It is alleged that the plaintiff was "retained for the sum of Fifteen Hundred ($1,500.00) Dollars * * * to perform certain legal services for the City of Norwood." Now does this disclose the existence of an office to which the plaintiff had been appointed? We think not. Rather it shows that the Service Director contracted for the plaintiff's services and that the effect, if legal, would have been to create the relation of employer and employee. This temporary employment for a single transaction has none of the attributes of a public office. We have examined the authorities on the distinction between a public officer and a public employee, but are of the opinion that an extended discussion of the distinction is unnecessary. Many of the authorities can be found in the annotation to the case of Martin, Atty. Genl. v. Smith, State Treasurer, 140 A. L. R., 1063, at 1076, et seq. (239 Wis. 314, 1 N. W. (2d) 163) in which case it was held that the President of the University of Wisconsin was an employee and not a public official. And in the annotation to the case of State, ex rel. v. Skinner, decided by our own Supreme Court (128 Oh St, 325, 191 N. E. 127) and reported in 93 A. L. R. 331, and annotated commencing at 333. See, also: 32 O. Jur., 856, et seq.

(2) Assuming next that the service director could be and had been authorized to employ the plaintiff, could he be authorized to fix his compensation? We believe this question is answered by the statute itself. By §4214 GC, it is provided that:

"Except as otherwise provided in this title, council, by ordinance or resolution, shall determine the number of officers, clerks and employes in each department of the city government, and shall fix by ordinance or resolution their respective salaries and compensation, and the amount of bond to be given for each officer, clerk or employe in each department of the government, if any be required. Such bond shall be made by such officer, clerk or employe, with surety subject to the approval of the mayor."

It will be observed that the language is that the council shall fix the compensation of each employee in each department of the municipal government. We have been referred to no statute authorizing the service director to fix the compensation of the employees in his department—and have found none.

Nor have we been referred to any authority holding that the municipal council could delegate to the service director the authority to fix the compensation of employees in his department—and we have not found any such authority. Such power can not be delegated.

We, therefore, find that the trial court did not err in its declaration or finding that the service director had no authority to fix the compensation of the plaintiff for the services rendered.

(3) Did the plaintiff's occupancy of the office of civil service commissioner disqualify him for this employment?

The Auditor of the State of Ohio placed his finding for recovery on the provisions of §3808 GC. That section is in part as follows:

"No member of the council, board, officer or commissioner of the corporation, shall have any interest in the expenditure of money on the part of the corporation other than his fixed compensation."

By later provision, it makes the person violating it liable for any money received contrary to its provisions.

It was argued that the "fixed compensation," mentioned in this section related to compensation paid in violation of the section. We think it obvious that by the use of this phrase the legislature intended to make it clear that §3808 GC, did not prevent the official from drawing his salary. The whole intent was and is that he should not receive anything beyond that from the corporation in any way.

We find no prejudicial error in the judgment and the same is, therefore, affirmed.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.