

# THE ATTORNEY GENERAL
## OF TEXAS

May 24, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Jack Skeen, Jr.
Criminal District Attorney
Smith County Courthouse
Tyler, Texas 75702

Opinion No.   (JM-909)

Re: Whether a member of a board of directors of a water control and improvement district must reside in the district   (RQ-1134)

Dear Mr. Skeen:

You have asked whether a person must reside within the territory encompassed by the Smith County Water Control and Improvement District No. 1 (the District) to be eligible for election as a district director. The District was created in 1961 pursuant to article XVI, section 59, of the Texas Constitution. Water control and improvement districts are general law districts governed by chapter 51 of the Water Code. Provisions regarding qualifications and election of district directors are found in subchapter C of chapter 51 of the Water Code.

In accordance with section 51.073 of the Water Code, the District elects five directors to serve staggered terms. Section 51.072 of the Water Code provides as follows:

> To be qualified for election as a director, a person must be <u>a resident of the state</u>, own land subject to taxation in the district, and be at least 21 years of age.
> (Emphasis added.)

Thus, with respect to residency of directors, the Water Code requires only that they be residents of the state.

You ask, however, whether the residency requirements found in section 141.001(a)(5) of the Election Code apply to candidates for director of the District. Your question specifically concerns the applicability in this context of the requirement that a person reside in the territory from which the office is elected -- in this case, the water district.

p. 4514

Section 141.001 of the Election Code states in relevant part:

(a) To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must:

(1) be a United States citizen;

(2) be 18 years of age or older on the first day of the term to be filled at the election . . . ;

(3) have not been determined mentally incompetent by a final judgment of a court;

(4) have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities;

(5) have resided continuously in the state for 12 months and in the territory from which the office is elected for six months immediately preceding the [candidates' filing deadline];

. . . .

(6) satisfy any other eligibility requirements prescribed by law for the office.

(b) A statute outside this code supersedes Subsection (a) to the extent of any conflict.

(c) Subsection (a) does not apply to an office for which the federal or state constitution or a statute outside this code prescribes exclusive eligibility requirements. (Emphasis added.)

Subsection (b) of section 141.001 provides that a statute outside the Election Code, such as the Water Code, supersedes subsection (a) to the extent of any conflict. Thus, the question we must decide is whether the Water Code's specific provision that to be qualified for election as a director of a water district a person must be a resident of the state, conflicts with the Election Code's general provision that to be elected to a public office a

person must have resided continuously in the state for twelve months <u>and</u> in the territory from which the office is elected for six months.

Under one view, the Election Code provision does not conflict with the Water Code, but merely supplements it. An example of such reasoning is found in <u>Brown v. Patterson</u>, 609 S.W.2d 287 (Tex. Civ. App. - Dallas 1980, no writ). In <u>Brown</u> the court reconciled the Election Code's general six-month durational residence requirement with a specific statute governing the election of school trustees. While the specific statute required residency in the school district, it had no durational requirement. The court found no conflict, harmonized the two provisions, and imposed the Election Code's durational residence requirement. If similar reasoning were applied to the question of residency requirements for water district directors, the result would be that in order to be a director, a person would not only have to be a resident of the state, as required by the Water Code, but he would also have to have been a resident of the state for twelve months prior to the candidates' filing deadline, as required by section 141.001(a)(5) of the Election Code.

In our view, however, the reasoning of <u>Brown</u> is inapposite to the question of whether a person must be a resident of the district, as distinguished from how long he must have resided in the state. In establishing a district residency requirement, the Election Code does not merely supplement the Water Code, but instead conflicts with it. The express mention of one person, thing, consequence, or class is equivalent to an express exclusion of all others. <u>State v. Mauritz-Wells Co.</u>, 175 S.W.2d 238, 241 (Tex. 1943). Put another way, a statute's inclusion of specific limitations excludes all other limitations of the same type. <u>Guinn v. State</u>, 696 S.W.2d 436, 438 (Tex. App. - Houston [14th Dist.] 1985, no writ).

When the legislature provides in a specific statute for a residency requirement and in a general statute for the duration of a residency requirement, as in <u>Brown</u>, the general statute can be read as supplementing the special statute. However, when the legislature addresses residency limitations by providing in a specific statute only that a person must be a resident of the state, then a general statute that requires residency in a district must be read as conflicting. Moreover, when the requirement that a director need only be a resident of the state is followed by a requirement that the director own land in the district,

that juxtaposition suggests that the legislature rejected a district residency requirement.[1]

Having found that section 51.072 of the Water Code supersedes section 141.001(a) of the Election Code, we must determine whether section 51.072 violates article XVI, section 14, of the Texas Constitution, which requires that all district officers shall reside within their districts. The short and easy answer is no. Article XVI, section 14, is not applicable to officers of districts created under the authority of article XVI, section 59, of the Texas Constitution. Walton v. Brownsville Navigation District, 181 S.W.2d 967, 969 (Tex. Civ. App. - San Antonio 1944, writ ref'd); Kaufman County Levee Improvement District No. 10 v. National Life Insurance Co., 171 S.W.2d 188, 189 (Tex. Civ. App. - Dallas 1943, writ ref'd).

## S U M M A R Y

The district residency requirement of section 141.001(a)(5) of the Election Code conflicts with section 51.072 of the Water Code. Pursuant to section 141.001(b) of the Election Code, the Water Code therefore supersedes the Election Code. A candidate for the office of director of the Smith County Water Control and Improvement District No. 1 need not be a resident of the district.

---

1. One brief provided to us reviewed the acts of the 69th legislature and the 70th legislature. Those two legislatures enacted laws authorizing creation of three general law districts and over seventy conservation and reclamation districts. In each instance specific director qualifications were provided, some in direct conflict with those of the Election Code. The variations in director qualifications suggest that the legislature sometimes tailors qualifications to different situations. In doing so, the legislature continues on occasion to use district property ownership as an alternative to district residency as a director qualification. See, e.g., Acts of 1987, ch. 993, § 7(d). As a practical matter, some districts must have non-resident landowner directors at the outset because there are few or no residents living in the undeveloped district.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by F. Scott McCown
Assistant Attorney General