OPINION
The instant action in quo warranto is presently before this court for consideration of respondents' motion to dismiss, filed on August 2, 2001. As the primary grounds for their motion, respondents, Thomas P. O'Keefe, Roy Brommer, Alan R. Bloor, and RomeRock Association, Inc., contend that the quo warranto petition does not state a viable claim for relief because relators, Michael Lorince, James Sievers, and Mary Strong, lack the capacity to maintain this action in their own individual names. For the following reasons, this court concludes that the motion to dismiss has merit.
Respondent RomeRock Association is an Ohio nonprofit corporation which has its principal place of business in Roaming Shores, Ohio. The membership of the association consists of persons who own real property within the Roaming Rock subdivision, which is located within Roaming Shores. The association is administered by a board of directors which consists of seven active association members. Each director serves a term of three years on the board, and elections for at least two seats on the board are held each year.
Relators are presently active members of the association. In February 2001, relators submitted petitions to have their names placed on the ballot for the three open positions on the board of directors. These petitions were accepted by the current board of directors, and relators were scheduled to stand for election to the board. However, in addition to relators' name, the names of respondents O'Keefe, Brommer, and Bloor were also placed on the ballot.
Before the election could be held in April 2001, relators filed an action for declaratory and injunctive relief in the Ashtabula County Court of Common Pleas. As the basis for the complaint, relators maintained that respondents O'Keefe, Brommer, and Bloor were not entitled to stand for election to the board because they had not been nominated pursuant to the procedure set forth in the association's by-laws. After an evidentiary hearing had been held on relators' request for a preliminary injunction, the common pleas court issued a judgment denying that request.
As a result, the election went forward and respondents O'Keefe, Brommer, and Bloor were victorious over relators. Relators then voluntarily dismissed their complaint before the common pleas court, despite the fact that a final hearing on their injunction claim had been scheduled for August 2001.
After respondents O'Keefe, Brommer, and Bloor had assumed the position of the new directors, relators brought the instant action in quo warranto, seeking to have these three individuals ousted from their seats on the board. Similar to the allegations set forth in their complaint before the common pleas court, relators asserted in their instant petition that the three new directors had not been entitled to stand for election because they had never filed petitions for the positions. Based upon this, relators further asserted that they should be the new directors because they had been the only association members who had submitted valid petitions.
In now moving to dismiss the quo warranto petition, all four respondents argue that relators cannot comply with the basic statutory provisions governing the institution of a quo warranto action. Specifically, they contend that since the position of director for the association does not constitute a public office, relators cannot maintain this action in their own individual names. Instead, according to respondents, this action is subject to dismissal because it should have been brought in the name of the state.
Both case and statutory law support respondents' argument on this particular issue. The Supreme Court of Ohio has indicated that, under the common law, the writ of quo warranto was intended to be employed as a means of protecting the general public against the usurpation of the state's sovereign power and against abuse of corporate power. As a result, only the state and its officers had the right to bring this type of action. State ex rel. Cain v. Kay (1974), 38 Ohio St.2d 15, 17. The only exception to this was when a person claimed title to a public office. Id.
This same distinction is made in R.C. Chapter 2733, which governs the procedure for a quo warranto action. R.C. 2733.01(A) states that such an action can be filed in the name of the state against a person who illegally holds either a public office or a corporate office. R.C. 2933.04
then provides that the state attorney general or a prosecuting attorneymust institute a quo warranto action when mandated to do so by the Governor, Supreme Court, Secretary of State, or General Assembly. In addition, R.C. 2944.05 provides that the state attorney general or a prosecuting attorney can bring a quo warranto action either upon his own relation or, after being granted leave of court, upon the relation of a second person.
The only other provision in R.C. Chapter 2733 governing the institution of such an action is R.C. 2733.06, which states that a private citizen can bring the action by himself, or with the assistance of an attorney, when he claims entitlement to a public office which is unlawfully held by another. In applying R.C. 2733.06, the Supreme Court has indicated that this statute sets forth the only exception to the general rule under R.C. 2733.04 and 2733.05 that a quo warranto action must be maintained by the state attorney general or a prosecuting attorney. State ex rel. Coynev. Todia (1989), 45 Ohio St.3d 232, 237. See, also, Reisig v. Camarato
(1996), 111 Ohio App.3d 479, 482. Hence, the circumstances under which a private person can seek a writ of quo warranto himself are very limited.
In the instant case, the quo warranto petition was not filed by the attorney general or a prosecuting attorney; instead, relators submitted the petition themselves and in their own name. Therefore, pursuant to the foregoing authority, relators' petition can only state a viable claim if the positions they seek are "public offices." In responding to the motion to dismiss, relators argue that their claim is sufficient to satisfy R.C. 2733.06 because there is no precise definition of the phrase "public office."
Although R.C. Chapter 2733 does not provide a definition of the phrase, the Supreme Court has articulated a general statement of what the phrase entails. Specifically, the court has indicated that a public office is a position to which an aspect of the sovereign power of the state, either of the executive, legislature or judiciary branches, has been delegated for the benefit of the public. Cain at 18. Stated differently, a person is considered a public officeholder when he is performing a governmental function which has been conferred on him by law. State ex rel. Thomas v. Dawson (Dec. 1, 1992), Franklin App. No. 92AP-718, unreported, 1992 Ohio App. Lexis 6107, at * 2, quoting State exrel. Newman v. Skinner (1934), 128 Ohio St. 325, 327-328.
In applying the foregoing general principle, an appellate court has concluded that the position of director for a corporation is not a public office for purposes of R.C. 2733.06 because a director is an employee of the corporation. State ex rel. Goldberg v. Goldberg (Oct. 1, 1981), Franklin App. No. 81AP-634, unreported, 1981 Ohio App. Lexis 12924. Similarly, it has been held that candidates for the position of director for a condominium association cannot bring a quo warranto action in their own name because such a position does not constitute a public office.Wright v. Kings Path Condominium Group, Inc. (Aug. 16, 2001), Cuyahoga App. No. 79987, unreported, 2001 Ohio App. Lexis 3773.
In the instant action, relators' petition expressly asserted that respondent RomeRock Association is a corporation under the laws of this state. Although the association may be a nonprofit entity, the same analysis as was applied to the "profit" corporation in Goldberg would be applicable in this instance. Simply stated, a person who is a member of a board of directors serves for the benefit of the corporation itself. Thus, it follows that a director for the instant association does not perform governmental duties which have been delegated to him by a statute passed by the state or a political subdivision; instead, such a director only performs duties which are conferred upon him in the corporate charter or by-laws. In addition, a director of the association does not perform those duties for the benefit of the public at large, but performs them for the benefit of the association itself and its members.
Accordingly, this court concludes that, as a matter of law, the position of director for respondent RomeRock Association is not a public office for purposes of R.C. 2733.06. In light of this, it follows that, pursuant to the foregoing authority, relators did not have the capacity to bring the instant action in their own names. Instead, an action to oust the three new directors could only be brought in the name of the state.Wright. Moreover, the case would have to be brought by a prosecuting attorney or the attorney general. Id.
As a general proposition, a civil action can be dismissed for failure to state a viable claim when it appears beyond doubt that, even if the petition's allegations are construed in a manner most favorable to the plaintiff/relator, he will be unable to prove a set of facts under which he will be entitled to relief. State ex rel. Sherrills v. Cuyahoga Cty.Court of Common Pleas (1995), 72 Ohio St.3d 461. Pursuant to the foregoing discussion, we hold that respondents have satisfied this standard in regard to relators' quo warranto petition; i.e., relators' own allegations support the conclusion that they cannot prove a set of facts under which they will be entitled to the writ. Therefore, dismissal of this case is warranted under Civ.R. 12(B)(6).
Respondents' motion to dismiss is granted. It is the order of this court that relators' quo warranto petition is hereby dismissed.
PRESIDING JUDGE DONALD R. FORD, JUDGE JUDITH A. CHRISTLEY JUDGE ROBERT A. NADER