Hart, J.
 

 Defendant Pauline Moore, as administratrix of the estate of Otis Ervin Moore, claims that Otis Ervin Moore was an officer and not an employee of the village of Plymouth at the time of his injury resulting in his death, and that as a result Grafmiller, as driver of the truck with tbe consent of the owner, the village of Plymouth, was covered and protected by the insurance policy issued by the plaintiff to the defendant village.
 

 On the other hand, the plaintiff contends that it is not obligated to defend the action brought by the administratrix of the deceased street commissioner of the village of Plymouth against Grafmiller, an employee of that village, for the'YSh'soh that the policy stipulated that it does not apply with respect to any action brought against an employee of the insured because of bodily injury to or death of another employee of such insured and for the reason that in its exclusion of insurance coverage the policy provided that it does not apply to bodily injury to or death of an employee of the insured, while engaged in the business, other than domestic employment, of the insured. The plaintiff concedes that Moore was an officer of the village, but claims that, as such, he was also an employee of the village and was excluded by reason of an exception from protection of the policy.
 

 The intention of the parties as expressed in the insurance contract must control its construction. 22 Ohio Jurisprudence, 330, Section 174. The sole question to be determined then is whether Otis Ervin Moore was at the time of his injury an “employee” of the village of Plymouth within the contemplation of the parties
 
 *101
 
 as that term was used by them in the policy of insurance.
 

 Webster’s dictionary defines “employee” as “one employed by another; one who works for wages or salary in the service of an employer; — disting, from
 
 official
 
 or
 
 officer.”
 
 The Century dictionary defines the term as a- person working for wages; a person in regular working service of another, as a clerk, workman, etc.
 

 On the other hand, the term “officer” embraces the elements of formal appointment, tenure, duration of service, specification of duties, emolument fixed by legislation or official action, and governmental connection. This definition is confirmed by judicial determination. See
 
 State, ex rel. Atty. Genl.,
 
 v.
 
 Craig,
 
 69 Ohio St., 236, 69 N. E., 228;
 
 Wright
 
 v.
 
 Clark,
 
 119 Ohio St., 462, 164 N. E., 512;
 
 State, ex rel. Newman, State Librarian,
 
 v.
 
 Skinner,
 
 128 Ohio St., 325, 191 N. E., 127, 93 A. L. R., 331;
 
 People, ex rel. Satterlee,
 
 v.
 
 Board of Police,
 
 75 N. Y., 38, 41.
 

 Courts universally hold that policies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretation, will be construed most favorably to the insured.
 
 Webster
 
 v.
 
 Dwelling House Ins. Co.,
 
 53 Ohio St., 558, 42 N. E., 546, 53 Am. St. Rep., 658, 30 L. R. A., 719;
 
 Mumaw
 
 v.
 
 Western & Southern Life Ins. Co.,
 
 97 Ohio St., 1, 119 N. E., 132;
 
 Great American Mutual Indemnity Co.
 
 v.
 
 Jones,
 
 111 Ohio St., 84, 144 N. E., 596, 35 A. L. R., 1023; 22 Ohio Jurisprudence, 340, Section 185. Furthermore, exceptions, qualifications and exemptions are introduced into contracts as well as into statutes in a multiplicity of forms. As to such, the general presumption has been declared to be that that which is not clearly excluded from the operation of a contract or statute is included. 37 Ohio Jurisprudence,
 
 *102
 
 774, Section 446;
 
 West
 
 v.
 
 Citizens’ Ins. Co.,
 
 27 Ohio St., 1, 22 Am. Rep., 294.
 

 Contracts of insurance must be deemed to have been entered into by the parties in view of the state of the law generally, at the time, as it related to the subjects of validity and coverage. In fact, statutes relating to matters pertinent to the risk covered by a contract of insurance become a term or part of the contract itself.
 
 Robbins
 
 v.
 
 Hennessey,
 
 86 Ohio St., 181, 99 N. E., 319; 22 Ohio Jurisprudence, 347, Section 189. A careful consideration of the terms of this contract of insurance seems to indicate that the term “employee” as used therein was referable to the connotation given to the same term throughout the workmen’s compensation law of this state, and that in the contract there ran a studied purpose to give coverage to one amenable to the workmen’s cotíipensation law in cases where he is not protected by that law and to exclude coverage in cases where he is so protected.
 

 The parties to the insurance contract were confronted with certain well known facts. In the first place, no valid contract could be made indemnifying one amenable to the workmen’s compensation law for injuries to or death of his employee occasioned in the course of employment of such employee. Section 1465-101, General Code. It would, therefore, be futile and senseless to expend premium money to secure insurance coverage as to any employee covered by the workmen’s compensation law. And, in case of the state, county, city, township, incorporated village and school districts therein, which would include the village of Plymouth, all
 
 employees
 
 are covered by such act. Section 1465-61, General Code. Again, under the statute in force and in operation when this insurance contract was entered into and when Moore received his injury resulting in his death, every “official of the state, or of any county, city, township, incorporated village or
 
 *103
 
 school district therein” in the service of any such governmental unit, and this would include defendant’s decedent Moore, was not included within the designation of “employee” or “workman” under the workmen’s compensation law, and a governmental unit as the employer of such officer was given no protection under such law. Section 1465-61, General Code. As a consequence, the village of Plymouth had no protection under the workmen’s compensation law as to liability, if any, which it has or might have by the reason of the accidental death of Moore while in the course of his duties at the hands of its employee, Grafmiller.
 

 With this situation and its possible implications in mind, the parties entered into the -indemnity insurance contract in question. This policy, within the authorized use of the truck, protected the insured and any one operating the truck with the consent of the insured against claims of every person except the insured itself and except any employee of the insured other than a domestic employee, for bodily injury, including death, by reason of the operation of the truck or automobile.
 

 With such broad coverage under the policy, limited only by specific exceptions, was it within the contemplation of the parties to exclude Moore- from such coverage on the ground that he was an employee of the insured, when at the same time he was excluded from coverage under the workmen’s compensation law because he was not an employee of the same insured? In our opinion, from the language used in the policy, such result was not within the contemplation of the parties. This is indicated by the fact that while a domestic employee, under the statute, is excluded from workmen’s compensation coverage, such domestic employee under an exception in the policy, was specifically included within its coverage. In other words, the scheme of coverage indicated that the insured was seeking to
 
 *104
 
 secure, and the insurer was agreeing to give, coverage to the village as to all persons who might suffer injury or death by the negligent operation of the truck other than those who, as employees, were covered by the workmen’s compensation law. Nothing but a clear and unambiguous expression in an exception clause, amounting to a necessity for it, will justify a court in holding it utterly inconsistent with the preceding general coverage clauses.
 
 Ashland Mutual Fire Ins. Co.
 
 v. Housinger, 10 Ohio St., 10.
 

 It is true that the village of Plymouth might not be liable for any negligent acts of its employee Grafmiller, in the operation of its truck, on the ground that the village was acting in its governmental capacity, as in the case of
 
 City of Wooster
 
 v.
 
 Arbenz,
 
 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518, but it was, nevertheless, interested in having insurance coverage by .an insurer who would be obligated, if the village were sued, to make defense for it.
 

 We are of the opinion that Moore was not an “employee” of the village of Plymouth as that term was used in the insurance policy and since Grafmiller, the defendant in the action brought by Moore’s personal representative, was operating the truck with the consent of the insured, he enjoys coverage under the policy and is entitled to defense by the insurer in the action against him.
 

 The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.