**Nick CHAVERS, Plaintiff-Appellee,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant-Appellant.**

**No. 14471.**

United States Court of Appeals
Sixth Circuit.

Nov. 14, 1961.

Michael R. Gallagher, Cleveland, Ohio (Hauxhurst, Sharp, Cull & Kellogg, Cleveland, Ohio, on the brief), for plaintiff-appellee.

Mark O'Neill, Cleveland, Ohio (Johnson, Weston, Blackmore, Cory & Hurd, Frank Seth Hurd, Cleveland, Ohio, on the brief), for defendant-appellant.

Before MARTIN, MAGRUDER and CECIL, Circuit Judges.

PER CURIAM.

Norman V. Grund was injured by his own automobile while it was being parked by Nick Chavers, plaintiff-appellee, in a parking lot adjacent to the Shaker Square restaurant, of the Stouffer Corporation, in Cleveland, Ohio. The question on this appeal is whether Grund's insurance policy with St. Paul Fire and Marine Insurance Company, defendant-appellant, affords protection and coverage to Chavers, the driver of the automobile at the time of the accident.

It is conceded that the policy extended coverage to anyone who was driving the owner's car, Grund in this instance, with his permission. It is further conceded that Chavers was covered, unless he was barred by an exclusionary clause of the policy. In essence this clause is, "This policy does not apply * * * to an owned automobile while used in the * * * business of parking automobiles." Specifically the question is, Was Grund's automobile being used in the business of parking automobiles?

Chavers brought an action for declaratory judgment in the District Court. There being no dispute on the facts, both parties moved for summary judgment. The District Judge granted judgment to the plaintiff-appellee, declaring that he was entitled to full protection within the limits of the policy.

Briefly stated, the facts are as follows: The lessor, from whom the Stouffer Corporation leased premises for the operation of its restaurant in Shaker Square, owned the adjacent parking lot. Under the terms of the lease Stouffer was given joint use of the lot during the day, with other tenants of the Square. After six o'clock in the evening, Stouffer had exclusive use of the lot and used it for the accommodation of its customers. It had spent considerable money in improving the lot for parking purposes and it is conceded that it was essential to its business.

Chavers was employed, along with others, by Stouffer, to attend the parking lot. He had a full-time job other than this and worked in the parking lot for a small salary, forty-eight dollars a month, five nights a week. In addition to his salary, he picked up compensation in the way of tips from customers. His duties were to be helpful to the customers in any way that he could render service. Sometimes he parked the cars for them and at other times he merely showed them a parking space.

At about nine o'clock on the night of November 16, 1957, Grund drove to the parking lot intending to have dinner at the restaurant. He turned his car over to Chavers for parking and while in the process of parking, Chavers lost control of the car and as a result Grund was injured.

There being no genuine issue as to any material fact, the District Judge properly determined the issue as one of law on motions for summary judgment. From the facts as here stated, it seems clear that the automobile in question was not being used in the business of parking automobiles.

Jurisdiction of the District Court being based on diversity of citizenship, the substantive law of Ohio is controlling. The Ohio courts follow "the generally accepted rule that if an insurance contract is so drawn as to be equivocal, uncertain, or ambiguous, and to require interpretation because fairly susceptible of two or more different but sensible and reasonable constructions, the one will be adopted which, if consistent with the objects of the insurance, is most favorable to the insured or his beneficiary." 30 Ohio Jur.2d 225. See also: Home Indemnity Co. v. Village of Plymouth, 146 Ohio St. 96, 64 N.E.2d 248, Yeager v. Pacific Mutual Life Ins. Co., 166 Ohio St. 71, 139 N.E.2d 48, in which it is stated the rule is so universally accepted as to need no authority to support it, and American Alliance Insurance Co. v. Keleket X-Ray Corporation, 248 F.2d 920, C.A. 6, in which the rule in Ohio is recognized but not applied under the facts of the case.

It is apparent that it is not clearly ascertainable from the language of the policy that the exclusionary clause is applicable to the facts in this case. Judge Connell applied this rule correctly and we conclude that the judgment should be affirmed for the reasons stated in his opinion, reported at 188 F.Supp. 39.