Taft, J.
In view of the conclusion which we have reached, it is not necessary for us to -consider whether the Court of Appeals was correct in determining that the plane was “taxiing” at the time it was damaged. We will assume that it was. However, we cannot agree with the conclusion of the Court of Appeals that the policy provided no coverage on account of “windstorm” damage to a plane while such plane was “taxiing.”
There is no express provision of the policy excluding “windstorm” coverage during “taxiing” operations. Although the marginal notation, as to the meaning of the word “nil” in the premium space opposite the policy provisions for “taxiing” coverage, requires the conclusion that “insurance” was “not afforded with respect to * * * taxiing,” nothing stated in the policy requires the conclusion that the “windstorm” coverage provided for in the policy was not to apply during “taxiing” operations. Where a loss would be covered by more than one of the coverages provided for in an insurance policy form, a policy on that form will cover that loss although it may provide for only one of those coverages.
Where a policy of insurance provided by an insurer provides generally for a certain coverage, exclusions from such coverage must be expressly provided for or must arise by necessary implication from the words used in the policy. This follows from universal holdings that policies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretations, will be construed most favorably for the insured. Home Indemnity Co. v. Village of Plymouth (1945), 146 Ohio St., 96, 64 N. E. (2d), 248.
As defendant contends, even if the reasons given by the *147 Court of Appeals for a judgment are erroneous, that judgment should he affirmed if it is correct for other reasons.
Thus, in support of the judgment of the Court of Appeals, defendant contends that the policy involved in the instant case provides coverage only for damage “on or about the premises described in the declarations * * * as occupied by the named insured”; and that the damage here involved was not such damage because it occurred nearly 2,000 feet from the hangar occupied by plaintiff.
In the “declarations” under the heading “location of premises covered by this policy” are the words “Sullivant Avenue Airport, 6 mi W.S.W., Columbus, Ohio.” Nest to this and under the heading “portion of premises occupied by named insured” are the words “that portion of the hangar designated as 3863 Sullivant Avenue occupied by” plaintiff.
Admittedly, the damage occurred on the ‘ ‘ Sullivant Avenue Airport” which the policy form indicates as “covered.” Even though the place where the damage occurred was not in the “portion of the hangar * * * occupied by” plaintiff and so not “on * * * the premises * * * occupied by the named insured,” it can reasonably be said that that place was “about” those occupied premises. Therefore we are of the opinion that the damage to the plane in the instant case did occur “on or about the premises occupied by” plaintiff, within the meaning of those words as used in the policy whose language had been selected by defendant. See Home Indemnity Co. v. Plymouth, supra (146 Ohio St., 96). It follows that the judgment of the Court of Appeals must be reversed and the judgment of the Municipal Court must be affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Matthias, Crawford, 0 ’Neill and Griffith, JJ., concur.
Crawford, J., of the Second Appellate District, sitting by designation in the place and stead of Herbf.rt, J.