INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 18, ET AL., APPELLANTS, *v.* DAN WANNEMACHER MASONRY CO., APPELLEE.

[Cite as Internatl. Union of Operating Eng., Local 18 *v.* Dan Wannemacher Masonry Co. (1988), 36 Ohio St. 3d 74.]

(No. 87-266—Decided April 13, 1988.)

*Wuliger, Fadel & Beyer* and *Martin W. Elson,* for appellants.

*William B. Balyeat,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Robert W. Patchen,* urging reversal for *amicus curiae,* James W. Harris, Director, Ohio Department of Industrial Relations et al.

MOYER, C.J.  The sole issue presented by this appeal is whether a sole proprietor who personally performs physical work as a laborer, workman, or mechanic in the construction of a public improvement and who pays his employees prevailing wages, is himself subject to Ohio's prevailing wage law, R.C. 4115.03 through 4115.16. For the reasons stated below, we hold that such a sole proprietor is not subject to the law and, accordingly, affirm the judgment of the court of appeals. Our holding in this case is expressly limited to an employer who is a sole proprietor.

The primary provisions of the prevailing wage law applicable to this case are R.C. 4115.03(C) and (F), 4115.05, 4115.10(A) and 4115.16. R.C. 4115.10(A) is a general provision prohibiting the payment of less than the prevailing wage for workers on certain public improvement projects. R.C. 4115.10(A) provides:

"No person, firm, corporation, or public authority that constructs a public improvement with its own forces the total overall project cost of which is fairly estimated to be more than four thousand dollars shall violate the wage provisions of sections 4115.03 to 4115.16 of the Revised Code, or suffer, permit, or require any employee to work for less than the rate

of wages so fixed, or violate the provisions of section 4115.07 of the Revised Code. Any employee upon any public improvement who is paid less than the fixed rate of wages applicable thereto may recover from such person, firm, corporation, or public authority that constructs a public improvement with its own forces the difference between the fixed rate of wages and the amount paid to him and in addition thereto a sum equal in amount to such difference. The employee may file suit for recovery within sixty days of the director of industrial relations' determination of a violation of sections 4115.03 to 4115.16 of the Revised Code or is barred from further action under this division. Where the employee prevails in a suit, the employer shall pay the costs and reasonable attorney's fees allowed by the court."

R.C. 4115.05 mandates the use of locally prevailing wages to determine the minimum wages on public projects. R.C. 4115.05 states in part:

"The prevailing rate of wages to be paid for a legal day's work * * * to laborers, workmen, or mechanics upon public works shall not be less at any time during the life of a contract for the public work than the prevailing rate of wages then payable in the same trade or occupation in the locality where such public work is being performed, under collective bargaining agreements or understandings, between employers and bona fide organizations of labor in force at the date the contract for the public work, relating to the trade or occupation, was made, and collective bargaining agreements or understandings successor thereto.

"* * *

"Every contract for a public work shall contain a provision that each laborer, workman, or mechanic, employed by such contractor, subcontractor, or other person about or upon such public work, shall be paid the prevailing rate of wages provided in this section."

R.C. 4115.16[3] authorizes interested parties, defined in R.C. 4115.03

---

[3] R.C. 4115.16 provides in part:

"(A) An interested party may file a complaint with the director of industrial relations alleging a violation of sections 4115.03 to 4115.16 of the Revised Code. The director, upon receipt of a complaint, shall investigate pursuant to section 4115.13 of the Revised Code. If the director determines that no violation has occurred, the interested party may appeal the decision to the court of common pleas of the county where the violation is alleged to have occurred.

"(B) If the director has not ruled on the merits of the complaint within sixty days after its filing, the interested party may file a complaint in the court of common pleas of the county in which the violation is alleged to have occurred. The complaint may make the contracting public authority a party to the action, but not the director. Contemporaneous with service of the complaint, the interested party shall deliver a copy of the complaint to the director. Upon receipt thereof, the director shall cease investigating or otherwise acting upon the complaint filed with him pursuant to division (A) of this section. The court in which the complaint is filed pursuant to this division shall hear and decide the case, and upon finding that a violation has occurred, shall make such orders as will prevent further violation and afford to injured persons the relief specified under sections 4115.03 to 4115.16 of the Revised Code. The court's finding that a violation has occurred shall have the same consequences as a like determination by the director. The court may order the director to take such action as will prevent further violation and afford to injured persons the remedies specified under sections 4115.03 to 4115.16 of the Revised Code. Upon receipt of any order of the court pursuant to this section, the director shall undertake enforcement action without further investigation or hearings."

(F),[4] to include a bona-fide labor organization, such as Local 18, to file a complaint with the Director of Industrial Relations alleging a violation of the prevailing wage law, and to pursue such complaint in common pleas court either by appeal if the director determines no violation has occurred or by a new complaint if the director fails to rule on the merits of the complaint within sixty days after its filing.

Local 18 contends that the courts below erred in concluding that because the prevailing wage law only applies to employees and Daniel Wannemacher, as a sole proprietor, was not an employee, the law did not apply to him even though he performed work as a "laborer," "workman," or "mechanic." We disagree.

R.C. 4115.10(A) states that "[a]ny *employee* upon any public improvement who is paid less than the * * * [prevailing wage] may recover * * * the difference between the fixed rate of wages and the amount paid to him and in addition thereto a sum equal in amount to such difference. The *employee* may file suit for recovery * * *. Where the *employee* prevails in a suit, the *employer* shall pay the costs and reasonable attorney's fees allowed by the court." (Emphasis added.)

R.C. 4115.05 provides that "[e]very contract for a public work shall contain a provision that each laborer, workman, or mechanic, *employed* by such contractor, subcontractor, or other person about or upon such public work, shall be paid the prevailing rate of wages provided in this section." (Emphasis added.)

We must assume that the General Assembly intended to make a distinction between employers and employees in drafting R.C. Chapter 4115. "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42. In *Home Indemn. Co.* v. *Plymouth* (1945), 146 Ohio St. 96, 32 O.O. 30, 64 N.E. 2d 248, paragraph one of the syllabus, this court gave the following definition of "employee": "An employee is a person who works for another for salary and wages, and the term is usually applied only to clerks, workmen and laborers, and rarely to the higher officers of a corporation or government or to domestic servants." Other statutes clearly distinguish between employers and employees. See, *e.g.*, R.C. 3309.01, 4101.01 and 4111.01. See, also, Section 152, Title 29, U.S. Code.

Black's Law Dictionary (5 Ed. 1979) 471, defines "employee" as follows:

"A person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed. * * * [Citation omitted.] One who works for an employer; a person working for salary or wages.

"Generally, when person for whom services are performed has right to control and direct individual who performs services not only as to result to be accomplished by work but also as to details and means by which result is accomplished, individual subject to direction is an 'employee.'

"* * *

"* * * '[E]mployee' must be distinguished from 'independent contractor,' 'officer,' 'vice-principal,' 'agent,' etc."

"Employer" is defined as "[o]ne

---

[4] See footnote 1.

who employs the services of others; one for whom employees work and who pays their wages or salaries. The correlative of 'employee.' " *Id.*

Clearly, then, an employer is not an employee. Given the common usage of the terms "employer" and "employee" and the absence of any statutory incorporation of the term "employer," we conclude that the use of "employee" in R.C. Chapter 4115 does not encompass the term "employer" when the employer is a sole proprietor who has not used his status as a sole proprietor to gain an unfair advantage in bidding on public improvement projects.

Our conclusion is not contrary to the purpose of the prevailing wage law. "The prevailing wage law evidences a legislative intent to provide a comprehensive, uniform framework for, *inter alia, worker rights and remedies vis-a-vis private contractors,* subcontractors and materialmen engaged in the construction of public improvements in this state. * * * Above all else, the primary purpose of the prevailing wage law is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private construction sector." (Emphasis added.) *State, ex rel. Evans,* v. *Moore* (1982), 69 Ohio St. 2d 88, 91, 23 O.O. 3d 145, 147, 431 N.E. 2d 311, 313.

Here, there is no allegation that Daniel Wannemacher formed his business as a sole proprietorship to circumvent the reach of the prevailing wage law. All his employees were paid the prevailing wage for their services. Indeed, Local 18's only allegation is that Daniel Wannemacher failed to list himself on the certified payroll records, a requirement for all employees under R.C. 4115.071(C), and failed to pay himself the prevailing wage. However, as a sole proprietor, he was not required to list himself on the records or pay himself the prevailing wage. As an employer, he did not receive and did not expect any wages. Instead, any income he received would be derived from the profits of the business. And, unlike an employee of the business, Daniel Wannemacher was not required to withhold social security or income tax from his profits. Given the statutory and common-law distinctions between employers and employees and the common usage of those terms, we hold that a sole proprietor who personally performs physical work as a laborer, workman, or mechanic in the construction of a public improvement is not subject to Ohio's prevailing wage law, R.C. 4115.03 through 4115.16. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, LOCHER and DOUGLAS, JJ., dissent.

LOCHER, J. dissenting. Because today's decision thwarts the laudable public policies behind Ohio's prevailing wage law and grants certain businesses unfair advantages in their efforts to obtain public-works contracts based upon the form in which they operate, I am compelled to dissent.

R.C. 4115.05 requires that those persons performing work on a public-works project be paid the prevailing wage for the type of work performed. That section provides in pertinent part: "The prevailing rate of wages to be paid for a legal day's work, as prescribed in section 4115.04 of the Revised Code, to laborers, workmen, or mechanics upon public works shall not

be less at any time during the life of a contract for the public work than the prevailing rate of wages then payable in the same trade or occupation in the locality where such public work is being performed * * *."

It is clear from the record in the cause *sub judice* that Daniel Wannemacher performed work as a bricklayer on this project and failed to list himself on the certified payrolls that he was required to file with the prevailing wage coordinator. By becoming entwined in a confusing process of distinguishing an employer from an employee, the majority loses its focus on what is at issue in this action and misapplies the basic rule that, in determining legislative intention, courts look to the language employed *and* to the *purpose* to be accomplished. *Henry v. Central Natl. Bank* (1968), 16 Ohio St. 2d 16, 45 O.O. 2d 262, 242 N.E. 2d 342.

"The prevailing wage law evidences a legislative intent to provide a comprehensive, uniform framework for, *inter alia*, worker rights and remedies vis-a-vis private contractors, sub-contractors and materialmen engaged in the construction of public improvements in this state. The prevailing wage law delineates civil and criminal sanctions for its violation. Above all else, the primary purpose of the prevailing wage law is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private construction sector." *State, ex rel. Evans,* v. *Moore* (1982), 69 Ohio St. 2d 88, 91, 23 O.O. 3d 145, 147, 431 N.E. 2d 311, 313. The prevailing wage law achieves its purpose by creating parity in the bidding process. By requiring all contractors and subcontractors bidding on public works to pay their workers the same rate of wages, the law removes the differential of labor costs from the bidding process. Thus, union and non-union contractors have an equal opportunity to bid on, and win, public-works contracts. When an individual contractor, such as Wannemacher, can reduce its labor costs through judicially created loopholes, the regulatory scheme is defeated and parity destroyed.

Furthermore, undercutting of wages will result from the inability of interested parties to detect violations of the prevailing wage law. Many times, as appellant points out, interested parties inspect certified payroll records to determine if the correct hourly wage is being listed for each job classification and to determine if the hours are being reported accurately. The workers identified on the payrolls may then be approached to verify that they are receiving the full hourly wage which the contractor lists and that all their hours are being reported. The inspection and verification of payrolls is ineffective to detect underpayment of wages when contractors are not required to list every individual performing labor under the contract. Thus, the conclusion reached by the majority does defeat the purpose of Ohio's prevailing wage law and may provide a mechanism for the entire law to be avoided.

Finally, it must be noted that the decision in this action affects more than just those aligned with a union and those who are not. The whole purpose of the prevailing wage law is to place everyone—union, non-union, corporation, partnership, and sole proprietorship—on an equal footing in their efforts to obtain public-works contracts. The exception for a sole proprietorship developed by today's decision destroys the equality the General Assembly intended to create—an equality which was intended to promote the awarding of public-works

projects to the most productive and efficient contractors. By allowing Daniel Wannemacher to delete his own labor from the computation of his bid, the majority has provided an unfair advantage to any sole proprietor who bids on a project. This is an advantage based solely on the form in which one desires to operate his business. The majority's decision adversely affects those contractors doing business as closely held corporations and partnerships. These businesses will be hard pressed to compete in the bidding process. An unfair advantage based on factors other than efficiency and productivity is also harmful to all Ohioans.

Based on the foregoing, I would hold that a sole proprietor who personally performs work as a laborer, workman, or mechanic in the construction of a public improvement is subject to Ohio's prevailing wage law.

SWEENEY and DOUGLAS, JJ., concur in the foregoing dissenting opinion.