I write separately to reiterate my dissent from the decision reached in the within, and in Headley v. Ohio Government RiskManagement (March 20, 1998), Muskingum App. Number CT97-0017. I find both policies issued by the appellants are ambiguous, and must be construed in favor of the injured insured. To find the language in the policies unambiguous nullifies the policy coverage entirely, because under the majority view, the only party who may recover for bodily injury is the corporation. A corporation cannot suffer bodily injury.
Furthermore, in Ohio, there is a general presumption anything not clearly excluded in the insurance contract is included therein, Home Indemnity Co. v. Plymouth (1945), 146 Ohio St. 96, syllabus by the court, paragraph 2.
I would affirm the trial court.
JUDGE W. SCOTT GWIN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed.