OPINION
Plaintiff-appellant, Kathy Ferguson, executrix of the Estate of James Ferguson, appeals the decision of the Mahoning County Court of Common Pleas, granting summary judgment in favor of defendant-appellee Allstate Insurance Co.
On November 22, 1996, Anna Ferguson pulled out of a private driveway and was struck by a vehicle operated by Kevin Rolland. Decedent James Ferguson, the adult son of Anna Ferguson, was a passenger in her vehicle at the time of the accident. Both mother and son died as a result of the accident.
On January 24, 1997, Richard Ferguson, as executor of the Estate of James Ferguson, filed a negligence and wrongful death action against Kevin Rolland, his father Albert Rolland, the Estate of Anna Ferguson, and Allstate Insurance Co. (hereinafter "Allstate"). The complaint contained counts alleging wrongful death and survivorship claims against Kevin Rolland and the Estate of Anna Ferguson, and a count of negligent entrustment of a motor vehicle against Albert Rolland.
Count V of the complaint sought a declaration from the trial court that the insurance policies covering Kevin and Albert Rolland had a coverage limit of $50,000 and that decedent had underinsured motorist coverage with Allstate up to $300,000. In addition, the complaint sought a declaration that any set off Allstate was entitled to, based on amounts recovered from the liability carriers of the Rollands and Anna Ferguson, was to be set off against the total damages incurred rather than the policy limits of the policy covering decedent. Notably, the complaint did not contain any information regarding any of the policies in question, nor were copies of the relevant policies attached to the complaint as required by Civ.R. 10(D).[1]
Allstate filed its answer denying the allegations set forth in appellant's complaint on August 21, 1997. On October 14, 1997, Kathy Ferguson was substituted for Richard Ferguson as executrix of the Estate of James Ferguson, and on August 17, 1998 the estate's claims against Albert Rolland were voluntarily dismissed.
On September 29, 1998 Allstate filed for summary judgment. In its memorandum in support Allstate claimed that Anna Ferguson had been insured through Allstate under a policy with liability limits of $50,000/$100,000, and that Kevin Rolland was insured through Nationwide Insurance Co. under a policy with liability limits of $300,000 and an umbrella coverage up to $1,000,000. The essence of Allstate's motion was that the trial court should dismiss the underinsured motorist claim filed by the estate, as said claim would constitute excess coverage in violation of R.C,3937.18. Specifically, Allstate argued that the liability limits of Kevin Rolland's policy were greater than the limits of the policy covering decedent, and that any recovery received by the estate would be in excess of the decedent's own policy limits.
In addition, Allstate made a similar claim with respect to Anna Ferguson, noting that the limits of her insurance policy were identical to those of the decedent and that as such there would be no deficiency. Because the policies of Kevin Rolland and Anna Ferguson had liability limits greater than or equal to the limits of decedent's policy, Allstate argued that there was no recovery available to the estate under the underinsured motorist policy of decedent.
In support of its claim with respect to Kevin Rolland, Allstate attached Answer #29 of a set of answers to interrogatories in which Rolland conceded the existence and the limits of the policy with Nationwide. However, in an attempt to substantiate its claim with respect to Anna Ferguson, Allstate attached a copy of a computer printout that establishes, at most, that at some point in time Anna Ferguson was insured under an insurance policy of some kind. The document does not comprehensively state any of the specifics of the policy, nor does it even mention Allstate as the insurer.[2] In addition, Allstate's motion did not present any evidence as to the policy of decedent.
Appellant filed a memorandum in opposition to summary judgment on October 6, 1998. In the memorandum appellant agreed with Allstate concerning the existence and liability limits of the insurance policies covering Anna Ferguson and Kevin Rolland, and in addition claimed that the estate of James Ferguson had filed an underinsured motorist claim against Allstate. However, the crux of appellant's motion in opposition was that the policy issued to decedent was not subject to the changes brought about by Senate Bill 20. Specifically, appellant's argument was that Allstate had not provided decedent with notice of a change in coverage when it had renewed his policy subsequent to the effective date of Senate Bill 20. As such, appellant urged the trial court to deny Allstate's motion for summary judgment as there remained a genuine issue of material fact with respect to the application of Senate Bill 20.
Appellant supplemented his motion in opposition on October 9, 1998 to include the affidavit of Richard Ferguson, the brother of decedent. The affidavit stated that Richard Ferguson had collected and organized the personal effects of his brother and that in so doing he had not located any amendment or endorsement from Allstate informing decedent that his underinsured motorist policy limits would be subject to set off against the policy limits of other liable drivers, as opposed to the total amount of damages incurred.
On October 15, 1998, the trial court granted defendant's motion for summary judgment, stating that there was no just cause for delay. Appellant filed a notice of appeal on October 28, 1998.
Appellant's sole assignment of error states:
 "The Trial Court erred in granting Defendant, Allstate, summary judgment based upon the recent change in ohio [sic] insurance law in that the existing policy is governed under prior ohio [sic] statute and entitles the Plaintiff to offset damages against the tortfeasor's policy limits."
Appellant argues that because the law of underinsured motorist insurance has been the subject of "litigation and relitigation" before the Ohio Supreme Court, and the subject of "legislative enactment and re-enactment," this matter was inappropriate for summary judgment. Appellant claims that the trial court erred in determining that R.C. 3937.18 as amended by Senate Bill 20 was the controlling law governing the claim and argues that the previous version of R.C 3937.18, as interpreted by Savoie v.Grange Mutual Insurance Co. (1993), 67 Ohio St.3d 500, should control the resolution of this underinsured coverage matter.
Appellant cites to Home Indemnity, Co. v. Village of Plymouth
(1945), 146 Ohio St. 96, for the proposition that a contract incorporates, the statutory law in effect when the contract comes into existence. As such, appellant claims that since Allstate submitted decedent a renewal of the existing policy without explaining the "offset" provision it now seeks to apply, that the provisions of former R.C. 3937.18 as judicially construed bySavoie, should apply in the present case.
In response, appellee argues that summary judgment was appropriate because there was no genuine issue of material fact remaining. Appellee argues that under the current version of R.C. 3937.18 and by the language in appellant's policy, appellant is not entitled to recover. Appellee also argues that the determination of whether the estate is entitled, to underinsured motorist coverage depends on the date the lawsuit was filed, and not the date the insurance contract was entered into between the parties.
Under Civ.R. 56, summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. WelcoIndustries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v. Mentor SoccerClub, Inc. (1998), 82 Ohio St.3d 367, 370. Specifically, a moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element (s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. Id. In determining whether a trial court properly granted summary judgment, an appellate court applies a de novo
standard of review. Second Natl. Bank of Warren v. Demshar
(1997), 124 Ohio App.3d 645, 648.
The essence of Allstate's claim for summary judgment was that the liability limits of the policies covering Kevin Rolland and Anna Ferguson were greater than or equal to the limits of the policy covering decedent. In order to establish this, Allstate was required to prove the existence and the liability limits of the three policies in question.
Allstate effectively proved the existence and liability limits of the policy covering Kevin Rolland by means of the answer to an interrogatory, one of the methods of proof endorsed by Civ.R. 56(C). In addition, while neither party introduced evidence pertaining to the policy covering Anna Ferguson, in their motions for summary judgment, both parties agree that the liability limits of said policy were $50,000/$100,000. However, in order to carry its burden Allstate was required to establish that the policy covering the decedent was subject to liability limits less than or equal to the limits on the policies of Kevin Rolland and Anna Ferguson. The record contains no evidence relating to decedent's policy with Allstate. In its summary judgment motion Allstate claims the liability limits are $50,000/$100,000. By contrast, in its complaint appellant seeks a declaration that said liability limit is $300,000. As such, because the record is devoid of any basis for resolving this factual dispute, the trial court erred in granting summary judgment in favor of Allstate.
We do not believe Allstate was prejudiced in this matter by appellant's failure to attach a copy of decedent's policy to its complaint pursuant to Civ.R. 10(D). Allstate had means available to it to ensure that appellant complied with the rule, which in the instant case, Allstate chose not to pursue. See Point Rental Co. v. Posani (1976), 52 Ohio App.2d 183 (procedure for challenging failure to attach copy of written instrument is motion for definite statement pursuant to Crim.R. 12[E]).
Because Allstate failed to satisfy its burden of demonstrating that it was entitled to judgment as a matter of law, the burden of responding never properly passed to appellant. As such, we need not address the issues raised by appellant with respect to the applicability of Senate Bill 20.
Appellant's sole assignment of error is found to have merit.
The judgment of the trial court is hereby reversed and the matter is remanded for further proceedings consistent with this opinion.
Vukovich, J., concurs, Waite, concurs.
APPROVED:
 __________________________________ Gene Donofrio Judge
[1] Civ.R. 10(D) provides as follows: "When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading."
[2] Allstate's brief on appeal contains a certified copy of the policy covering Anna Ferguson. However, matter not in the trial court record may not be included in the record on appeal by attaching it to an appellate brief. Plikerd v. Mongeluzzo (1992),73 Ohio App.3d 115, 128-29. A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.