OPINION
GRE Insurance Group (hereinafter "GRE") is appealing the judgment of the trial court, which adopted the opinion of the magistrate overruling GRE's motion for summary judgment and sustaining Normandy Pointe Associates' (hereinafter "Normandy") motion for summary judgment.
Certain homeowners in Hidden Creek Subdivision in Washington Township, Montgomery County, Ohio, brought a lawsuit against Normandy and others concerning the 100 year flood plain in relation to the subdivision. Normandy is a general partnership engaged in the business of developing and marketing home sites. Normandy acquired the real estate in question in 1989 with the intention of developing a planned residential community. Normandy then contracted with Woolpert Consultants (hereinafter "Woolpert") to provide professional "engineering and related professional services in a wide variety of engineering, design, platting, development/governmental approvals, FEMA/Flood line demarcation, and other services required to develop Hidden Creek." Complaint ¶ 12. Also, Normandy contracted with Bassett Associates (hereinafter "Bassett") to provide landscaping services for the project. The homeowners alleged in their complaint that Normandy, along with Woolpert and Bassett, warranted that the Hidden Creek development was not in the 100 year flood plain, when Normandy knew or should have known that the homeowners' lots were within the 100 year flood plain. The homeowners alleged in their complaint that Woolpert and Bassett were agents of Normandy.
GRE had issued a commercial general liability coverage policy to Normandy beginning on November 5, 1995 and terminating on November 5, 1996. Relying on the policy, Normandy requested that GRE defend and indemnify Normandy against all losses or judgments arising out of the plaintiff homeowners' claims. GRE refused to defend Normandy on the basis that the policy did not cover the losses and claims asserted against Normandy. GRE then brought this action seeking a declaratory judgment that they did not have to defend and indemnify Normandy. The matter was referred to a magistrate, and both GRE and Normandy filed motions for summary judgment. On January 3, 2000, the magistrate rendered its decision sustaining Normandy's motion for summary judgment and overruling GRE's motion for summary judgment. GRE filed objections to the magistrate's decision with the trial court. On July 20, 2001, the trial court entered its judgment overruling GRE's objections and adopting the magistrate's opinion. GRE has filed this appeal from the trial court's decision., Appellant raises the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES AND DENYING SUMMARY JUDGMENT TO APPELLANT BY OVERRULING APPELLANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE'S DECISION DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING APPELLEE'S MOTIONS FOR SUMMARY JUDGMENT.
An appellate court reviews a judgment granting summary judgment with ade novo standard. Coventry Twp. v. Echer (1995), 101 Ohio App.3d 38,41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466. Summary judgment may be issued in an action where declaratory relief is requested. Roesch v. Cleveland Trust Co. (1967),12 Ohio Misc. 239, 41 O.O.2d 334.
GRE argues that the trial court erred in concluding that GRE must defend and indemnify Normandy because the allegations in the complaint are within one of three contract exclusions. Coverage is excluded either under the exclusion (1) for professional services, (2) for expected or intended liability, or (3) for premises that are sold where the property damage arises out of a part of those premises. We disagree.
Magistrate Nadine Ballard's decision stated the following:
 GRE's insurance policy with Defendant Normandy includes a professional services exclusion which states: "[t]his insurance does not apply to `bodily injury,' `property damages,' `personal injury;' or `advertising injury' due to the rendering of or failure to render any scientific or professional services or consulting business or technical services."
 Ohio Courts have accepted more than one definition of professional services relating to insurance contracts. "Professional services" has been defined as services requiring advanced knowledge in a field acquired by a prolonged course of study or specialized intellectual instruction. [Jacob v. Grant Life Choices] (June 29, 1995), Franklin Cty. App. No. 94APE10-1436, unreported. Additionally, "professional services" has been defined as services performed by one in the ordinary course of his profession, on behalf of another, pursuant to an agreement, and for which compensation is reasonably expected. [Kahn v. Cincinnati Ins. Co.] (February 3, 1984), Lucas Cty. App. No. L-83-309, unreported.
 GRE first contends that this exclusion applies to Defendant Normandy because Defendant Normandy provided professional services, or failed to provide such services, to [Homeowners]. The complaint in Case number 98-3102 does not allege that Defendant Normandy provided professional services. Defendant Normandy is in the business of developing and marketing homes. It's profession, under either definition of "professional services," does not include engineering services such as determining flood plain demarcation; Defendant Normandy's employees do not have prolonged education in engineering nor are engineering services in the ordinary course of their business., Defendant Normandy hired Woolpert to provide professional engineering services. Woolpert's employees are undoubtedly educated in engineering skills, and providing engineering services are part of Woolpert's ordinary course of business; thus, Woolpert did provide professional services. Since Defendant Normandy did not provide professional services regarding the location of the 100 year flood plain, the professional services exclusion is not applicable to Defendant Normandy.
 GRE next contends that the professional services exception applies because Woolpert and Bassett are Defendant Normandy's agents. As Defendant Normandy's agents, GRE argues, Woolpert and [Bassett's] rendering of professional services is imputed to Defendant Normandy. Defendant Normandy, on the other hand, argues that Woolpert and Bassett are independent contractors. The characterization of Woolpert and Bassett does not affect the outcome. The policy does not include an agent or an independent contractor as an insured; thus, Woolpert and Bassett are not covered under the Defendant Normandy's insurance policy. Since they are not covered under the policy, GRE cannot use Woolpert and Bassett as a means of excluding coverage to Defendant Normandy.
 The professional services exclusion is not applicable in this case because Defendant Normandy did not provide professional services to Homeowner Plaintiffs, and Woolpert and Bassett are not covered under the policy. Accordingly, the negligence claims against Defendant Normandy are not excluded under the terms of the policy, and GRE must defend Normandy against the allegations in Case Number 96-3102.
 In Normandy's motion for summary judgment, it is alleged that none of the policy exclusions apply to the facts of this case, and therefore they are entitled to coverage. The general presumption in reading an insurance contract is that which is not clearly excluded is included. [Home Indemn. Co. v. Village of Plymouth] (1945), 146 Ohio St. 96 [, 32 O.O. 30]. "Where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that which is not clearly excluded from the operation of such contract is included in the operation thereof." Id. Furthermore, any ambiguity or contradiction in an insurance policy must be construed in favor of the insured. [Thompson v. Preferred Rick Mut. Ins. Co.]
(1987), 32 Ohio St.3d 340. Each exclusion will be [separately] addressed below.
1)Expected or intended liability:
 Pursuant to ¶ 2(a), the insurance policy does not apply to property damage "expected or intended from the standpoint of the insured." GRE points out that in each of the eight claims for relief, the homeowners allege that the Defendants intentionally provided false information. The Supreme Court addressed this issue in [Physicians Ins. Co. v. Swanson] (1991), 58 Ohio St.3d 189, by reconciling the definition of an intentional tort with expected or intended exclusions in insurance policies. Similar to the case at hand the insurance policy in the Swanson case provided that the policy's coverage for bodily injury did not apply to injuries expected or intended by the insured. The Court found that there was a difference between intending an act and intending a result, and that the "expected or intended" exclusion did not apply to situations where the insured merely intended an act, but did not also intend by his act to produce the damage that in fact occurred. The second District Court of Appeals followed the Swanson decision in [Miller v. Midwestern Indemn. Co., (Feb. 23, 1996) Montgomery App. No. 15360, unreported], finding that "[t]he exclusion will not apply in cases where an insured intentionally does an act, but has no intention to commit the harm, even if the act involves foreseeable consequences of great harm or amounts to gross negligence."
 In this case, the homeowners complaint does not include allegations that the Defendants intended to cause flooding in the new homes. Therefore, the Court finds that the intended or expected exclusion does not preclude coverage in this case.
* * *
3) Damage to Property
 Pursuant to ¶ 2(j)(2) of the policy, the insurance does not apply to property damage to property you sell, give away or abandon, if the property damages arise out of any part of those premises. However, at the end of that same provision, it states "paragraph 2 of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you. In this case, Normandy was the developer of the entire subdivision, not the builder. Although the contract does not define "premises", it does not seem to make a distinction between the terms property and premises, and therefore it can be construed to include the work on the land or property itself, and not just the construction of the home or premises. Therefore, the exception to the exclusion does apply based on the undisputed fact that the development of the property was Normandy's "work" but such property was never occupied, rented or held for rent by Normandy. Accordingly, the property damage exclusion does not preclude coverage.
We find the magistrate's decision to be well reasoned and adopt it as our own just as the trial court adopted it. Therefore, we find that GRE's assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
WOLFF, P.J. and GRADY, J., concur.