OPINION
{¶ 1} Appellants, Lili Zhang, Edward Zhang, Jane Zhang, and Yin Zhang are appealing an October 14, 2003 judgment entry of the Lake County Court of Common Pleas granting summary judgment to defendant, Roehl Transport, Inc. and appellee St. Paul Guardian Insurance Co.
 {¶ 2} On March 6, 1999 appellants were riding in an automobile driven by Lili Zhang's husband, Nianfa Tang, on the Ohio Turnpike. Tang lost control of the vehicle and slid into the path of an oncoming tractor-trailer truck driven by James Roux. As a result of this accident, Lili Zhang was seriously and permanently injured.
 {¶ 3} Appellant's husband was an employee of Kinectico, Inc. at the time of the accident. However, all parties agree that the appellant's husband was not operating the vehicle on behalf of Kinectico or for any reason related to Kinectico's business. Kinectico had an automobile liability policy provided by appellee, St. Paul Guardian Insurance Co. Appellant's husband was not personally insured for the purposes of this action, and appellants filed an uninsured motorist claim against appellee.
 {¶ 4} The trial court granted summary judgment in favor of appellee and denied appellants' motion for summary judgment on whether appellee was liable to appellants.
 {¶ 5} Appellants brought this appeal asserting a sole assignment of error, that the trial court erred in granting summary judgment in favor of St. Paul Guardian Insurance Co. and by denying their motion for summary judgment. Appellants' appeal was based on the then-existing insurance law from Scott-Pontzerv. Liberty Mutual Insurance (1999), 85 Ohio St.3d 660.
 {¶ 6} In Scott-Pontzer, the court held that because a corporation can act only through "live actors," the "you" language in the policy was susceptible to multiple interpretations. Id. at 663-665. Thus, the court determined that Scott-Pontzer was an insured under his employer's liability policy with Liberty Mutual. Id. at 663-665. The court further stated that because the contract contained "exceptions," that which was not included within the "exceptions" provisions is covered by the policy. Id. at 665-666, citing Home IndemnityCo. v. Plymouth (1945), 146 Ohio St. 96. The policy did not contain exclusions of coverage for accidents occurring outside of the scope of employment. Therefore, the court determined that Scott-Ponzer could recover from Liberty Mutual. Id. at 666-667.
 {¶ 7} In 2003, the Ohio Supreme Court overruledScott-Pontzer in Westfield Insurance Company v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. Initially, the court stated that the "you" language of commercial automobile liability policies does apply to employees, because they are acting on behalf of the corporation. Id. at ¶ 31. The court further indicated that "you" only applies to employees that are acting in the course of their employment, i.e. acting on behalf of the corporation. Id.
at ¶ 32-¶ 33. Thus, in order for a commercial automobile liability policy to have effect, the employee must be within the scope of employment. Id. at ¶ 37-¶ 38. Additionally, the court stated that because insurance companies use stock forms, the language "if you are an individual, any family" applies to individual policies, and is not a part of commercial policies.Id. at ¶ 40-¶ 41.
 {¶ 8} The Eleventh District Court of Appeals has applied the rule from Westfield in Hottensmith v. Corvo (Dec. 19, 2003), 11th Dist. No. 2002-P-0064, and Poling v. Nationwide MutualInsurance Co. (Dec. 19, 2003), 11th Dist. No. 2002-L-088. InHottensmith, this court relied on the following Westfield
language to determine that Hottensmith could not recover against her employer's insurance company on an uninsured/underinsured motorist claim: "absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Westfield at ¶ 62; Hottensmith at ¶ 22-¶ 23. At the time of the accident, Hottensmith was not acting on behalf of her employer, and thus failed to meet the requirements of Westfield.
 {¶ 9} In the instant case, all parties agree that appellant's husband was not working on behalf of his employer Kinectico. Therefore, under Westfield; Hottensmith; and Poling,
Kinectico's insurance carrier, St. Paul Guardian Insurance Co. cannot be liable under the automobile liability policy it issued to Kinectico naming Kinectico as the insured.
 {¶ 10} Thus, appellant's sole assignment of error is without merit.
O'Neill, J., and Grendell, J., concur.